IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SANCHEZ,

    Petitioner,

v.                                                                                                 Civ. No. 19-cv-1068 JB-KBM
                                                                                               CR No. 10-cr-3449 JB-KBM

UNITED STATES OF AMERICA,

    Respondent.

**OPINION AND ORDER TO SHOW CAUSE**

This matter is before the Court on Petitioner Robert Sanchez's 28 U.S.C. § 2255 habeas motion (CR Doc. 75; CV Doc. 1) (Motion). Sanchez asks the Court to vacate his federal drug trafficking and firearm convictions. Having reviewed the record *sua sponte* under Habeas Corpus Rule 4, the Court will allow Sanchez to amend his Motion, but require him to show cause why his § 2255 claims should not be dismissed as untimely.

**BACKGROUND**

In 2011, Sanchez pled guilty to possession with intent to distribute 100 grams or more of heroin (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)); possessing a firearm as a felon (18 U.S.C. §§ 922(g) and 924(a)(2)); and possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)(A). (CR Doc. 2, 38). The Court (Hon. James Browning) sentenced him to 292 months imprisonment. The sentence included an enhancement based on Sanchez's designation as a career offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i)-(ii) (ACCA). (CR Doc. 59 at 16). Sanchez appealed, and the Tenth Circuit affirmed the conviction and sentence. (CR Doc. 62). Sanchez sought certiorari review with the United States Supreme Court, but the petition was denied by an order entered January 14, 2013. (CR Doc. 64). The conviction and

sentence became final, at the latest, the next day (January 15, 2013). *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review").

On October 31, 2019, Sanchez filed a Motion for Leave to File a Second/Successive 28 U.S.C. § 2255 Claim in the Tenth Circuit (CR Doc. 75). The Tenth Circuit denied the Motion as unnecessary, finding that Sanchez never filed a first § 2255 proceeding. (CR Doc. 76). The Court used the Tenth Circuit Motion to open a new § 2255 proceeding as of October 31, 2019. (CV Doc. 1 in 19-cv-1068). In the Motion, Sanchez argues: (1) his sentence was improperly enhanced under the ACCA, as interpreted by *Stokeling v. United States*, 139 S. Ct. 544 (2019); (2) the prosecutor failed to demonstrate essential elements of the 18 U.S.C. §§ 922 and 924 convictions; (3) counsel rendered ineffective assistance; and (6) the Court lacked jurisdiction to issue the sentence.

Because Sanchez filed the Motion over six years after his conviction became final, the Court will address timeliness as a threshold issue under Habeas Corpus Rule 4. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition.").

**DISCUSSION**

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1) The defendant was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

      (3)      The defendant could not have discovered "the facts supporting the claim … through the exercise of due diligence."  § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Sanchez's convictions became final on January 15, 2013, after he exhausted the direct appeal process.  The record reflects there was no federal case activity during the next year, and limitation period expired on January 15, 2014.  Therefore, Sanchez's § 2255 claims filed October 31, 2019 appear to be time-barred.

Sanchez alleges the claims are timely because *Stokeling v. United States*, 139 S. Ct. 544 (2019) triggered a new limitation period under 28 U.S.C. § 2255(f)(3).  *Stokeling* provided clarification regarding the ACCA's definition of "violent felony."  Such definition includes crimes that: (i) have an element of force or threat of force (the "Elements Clause"); or, alternatively (ii) involve conduct that "presents a serious potential risk of physical injury" (the "Residual Clause"). 18 U.S.C. § 924(e)(2)(B)(i)-(ii).  The Residual Clause has been invalidated as unconstitutionally vague, and, therefore, ACCA sentence enhancements are unconstitutional unless the underlying violent crime falls within the Elements Clause.  *See Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Stokeling* clarified that for robbery offenses, the "physical force" element under the ACCA "includes the amount of force necessary to overcome a victim's resistance."  139 S. Ct. at 555.  Thus, Florida robbery - defined as the taking of property with the use of force to overcome the resistance by the victim - qualifies as an ACCA violent felony.  *Id.* at 549, 555.

*Stokeling* cannot save the untimely § 2255 claims, for two reasons. First, the presentence investigation report (PSR) reflects that Sanchez's ACCA enhancement was based on his three prior convictions for a "a serious drug offense," rather than a violent felony. *See* 18 U.S.C. § 924(e)(1) (setting forth the 15-year ACCA minimum for three prior "violent felon[ies] or … serious drug offense[s], or both"). Specifically, he was previously convicted of felony possession with intent to distribute more than 500 grams of cocaine; felony trafficking in heroin; and felony trafficking in cocaine. *See* PSR at 9. *Stokeling's* construction of ACCA and its definition of violent felony is therefore wholly inapplicable to this case.

Further, even if *Stokeling* was relevant to Sanchez's conviction, it would not trigger a new limitation period under § 2255(f)(3). That statute states a § 2255 claim must be filed within one year after the Supreme Court ruling recognizes a new right that is retroactively applicable on collateral review. A new right is one that "was not was not 'dictated' by prior precedent." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007). *Stokeling* merely extended the definition of violent felony under *Johnson v. U.S.,* 559 U.S. 133 ("*Johnson I*") and *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"). *See, e.g., United States v. Burris,* 920 F.3d 942, 954 (5th Cir. 2019) (noting that after *Johnson I*, there was an open question as to "whether minor injuries …necessitate violent force … The Supreme Court recently answered that question in *Stokeling*."). This Court has not uncovered a single case at any level applying *Stokeling* retroactively, or even addressing it retroactivity. Sanchez's § 2255 claims are therefore not timely based on his reliance on *Stokeling*.

In the absence of new Supreme Court law, the Court cannot discern any grounds to toll the one-year limitation period. Sanchez's § 2255 claims appear time-barred based on the federal

4

record. The Court will allow Sanchez to show-cause within thirty (30) days of entry of this Order why his § 2255 claims should not be dismissed as untimely. Sanchez has two options, in terms of his response. He may rely on his original Motion for Leave to File a Second/Successive 28 U.S.C. § 2255 Claim in the Tenth Circuit (CR Doc. 75) as the opening pleading in this case, and file a separate show-cause response addressing timeliness. Alternatively, he may file an amended § 2255 motion clarifying his claims, which includes his show-cause arguments addressing the timeliness of his claims. Either way, his filing <u>must</u> address timeliness. If Sanchez fails to submit a filing that overcomes the time-bar within thirty (30) days of entry of this Order, his case will be dismissed with prejudice and without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order:

1. Sanchez may file an amended § 2255 motion, if he prefers to amend the original Motion (CR Doc. 75).

2. Regardless of whether Sanchez elects to amend his petition, Sanchez must show cause why his § 2255 claims should not be dismissed as time-barred. The show-cause arguments can appear as an attachment to the amended § 2255 motion, or, if Sanchez does not wish to file an amended motion, the show-cause arguments must appear in a stand-alone response.

3. The Clerk's Office shall mail Sanchez a form § 2255 motion.

_____
UNITED STATES MAGISTRATE JUDGE