## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT SANCHEZ,

      Petitioner,

vs.                                                                                                         No. CIV 19-1068 JB/KBM
                                                                                                                      No. CR 10-3449 JB

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Application for Leave to file a Successive 28 U.S.C. § 2255 -- Writ of Habeas Corpus, filed October 31, 2019 (CIV Doc. 5; CR Doc. 75)("Motion"). Petitioner Robert Sanchez challenges the constitutionality of his 2012 federal drug and firearm convictions. See Motion at 1-2. The Honorable Karen Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Sanchez to show cause why the Court should not dismiss his Motion as untimely under 28 U.S.C. § 2244(d)(1)(A). See Opinion and Order to Show Cause at 5, filed June 22, 2020 (CIV Doc. 9)("OSC"). Because Sanchez filed a counseled response concurring with the OSC's analysis, the Court will dismiss the Motion. See Response to Opinion and Order to Show Cause (Doc. 9), filed July 22, 2020 (CIV Doc. 11)("Response").

## PROCEDURAL BACKGROUND

In 2011, Sanchez pled guilty to possession with intent to distribute 100 grams or more of heroin, see 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); possessing a firearm as a felon, see 18 U.S.C. §§ 922(g) and 924(a)(2); and possessing a firearm in furtherance of a drug trafficking crime, see 18 U.S.C. § 924(c)(1)(A). See also Indictment, filed December 28, 2010 (CR Doc. 2); Consent to

Plea Before United States Magistrate Judge in a Felony Case, filed August 11, 2011 (CR Doc. 37); Plea Minute Sheet, filed August 11, 2011 (CR Doc. 38). The Court sentenced Sanchez to 292 months imprisonment. See Judgment in a Criminal Case at 3, filed February 23, 2012 (CR Doc. 50)("Judgment"). The sentence includes an enhancement based on Sanchez' designation as a career offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i)-(ii) ("ACCA"). See Transcript of Sentencing Hearing at 16 (held November 30, 2011), filed April 29, 2012 (CR Doc. 59). Sanchez appealed, and the United States Court of Appeals for the Tenth Circuit affirmed the conviction and sentence. See Order and Judgment, filed September 11, 2012, in the United States Court of Appeals for the Tenth Circuit, filed October 3, 2012, in the District of New Mexico (CR Doc. 62-1). Sanchez sought certiorari review from the Supreme Court of the United States of America, but the Supreme Court denied the petition by an order entered January 14, 2013. See Letter from the Supreme Court of the United States, Office of the Clerk (dated Jan. 14, 2013), filed January 14, 2013 (CR Doc. 64). Sanchez' conviction and sentence became final, at the latest, the next day, January 15, 2013. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)(holding that, for habeas purposes, a conviction becomes final "after the United States Supreme Court has denied review" or after the time for seeking the Supreme Court's review has expired).

On October 31, 2019, Sanchez filed an Application for Leave to File a Successive 28 U.S.C. § 2255 Writ of Habeas Corpus in the United States Court of Appeals for the Tenth Circuit. See Motion at 1. The Tenth Circuit denied the request as unnecessary, concluding that Sanchez never filed a first 28 U.S.C. § 2255 proceeding. See Order, November 5, 2019, in the United States Court of Appeals for the Tenth Circuit, filed November 5, 2019, in the District of New Mexico (CR

Doc. 76). The Clerk's Office used the Application for Leave to File a Successive 28 U.S.C. § 2255 -- Writ on Habeas Corpus to open a new 28 U.S.C. § 2255 proceeding as of October 31, 2019, Sanchez v. United States, CIV 19-1068 JB/KBM. The Application for Leave to File a Successive 28 U.S.C. § 2255 -- Writ on Habeas Corpus was designated as a Motion to Vacate Sentence under 28 U.S.C. § 2255 (CIV Doc. 5) -- the Motion.

In the Motion, Sanchez argues that: (i) his sentence was improperly enhanced under the ACCA, as the Supreme Court interpreted the ACCA in Stokeling v. United States, 139 S. Ct. 544 (2019); (ii) the prosecutor failed to demonstrate the 18 U.S.C. §§ 922 and 924 convictions' essential elements; (iii) counsel rendered ineffective assistance; and (iv) the Court lacked jurisdiction to issue the sentence. The Court referred the habeas case to the Magistrate Judge Molzen for proposed findings and a recommended disposition. See Order of Reference Relating to Prisoner Cases, filed November 15, 2019 (CIV Doc. 2). By an OSC entered June 22, 2020, Magistrate Judge Molzen screened the Motion under rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010 ("Habeas Corpus Rules"), and determined that Sanchez' claims plainly appear to be time-barred. See OSC at 5. The OSC set forth the grounds for statutory and equitable tolling, and it directs Sanchez to demonstrate why the Court should not dismiss the case as untimely. See OSC at 5.

On July 14, 2020, attorney Jason Bowles entered an appearance on Sanchez' behalf. See Notice of Entry of Appearance, filed July 14, 2020 (CIV Doc. 10). He filed a show-cause Response on July 22, 2020, which concurs with the Court's timeliness analysis. See Response at 1. Mr. Bowles also states that he is reviewing other potential grounds for sentencing credits outside of 28 U.S.C. § 2255, including administrative processes within the Bureau of Prisons. See

Response at 1. The § 2255 Motion is therefore ready for dismissal.

## LAW REGARDING THE § 2255 STATUTE OF LIMITATIONS

Motions for a writ of habeas corpus by a person in federal custody generally must be filed within one year after the defendant's conviction becomes final. See 28 U.S.C. § 2255(f). The one-year limitation period can be extended where: (i) the inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(f)(2); (ii) the motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255(f)(3); or (iii) the inmate could not have discovered "the facts supporting the claim . . . through the exercise of due diligence," 28 U.S.C. § 2255(f)(4). Because the limitation period is not jurisdictional, it may be extended through equitable tolling. See Clay v. United States, 537 U.S. 522, 524 (2003); United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

To take advantage of equitable tolling, a movant must show that: (i) he has been pursuing his rights diligently; and (ii) some extraordinary circumstance stood in his way and prevented timely filing. See Lawrence v. Florida, 549 U.S. 327, 336 (2007)(citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"). As part of the initial review process, "district courts are permitted . . . to consider, sua sponte, the timeliness of a . . . habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006). Before dismissing a case, however, the habeas petitioner typically must receive notice of the time bar and an opportunity to respond. See, e.g., United States v. Miller, 868 F.3d 1182, 1186 (10th Cir. 2017)(directing that

district courts should allow petitioners to address timeliness before dismissing the case).

## ANALYSIS

The Motion seeks relief from Sanchez' federal drug and firearm convictions under 28 U.S.C. § 2255.  As noted above, the convictions became final on January 15, 2013, after Sanchez exhausted the direct appeal process.  The record reflects that there was no federal case activity during the next year, and the limitation period expired on January 15, 2014.  Absent tolling, therefore, Sanchez' § 2255 claims filed October 31, 2019, are time-barred.

The Motion alleges that the claims are timely, because Stokeling v. United States, 139 S. Ct. 544 (2019), triggered a new limitation period under 28 U.S.C. § 2255(f)(3).  Stokeling v. United States provides clarification regarding the ACCA's definition of "violent felony." Stokeling v. United States, 139 S. Ct. at 549.  This definition includes crimes that: (i) have an element of force or threat of force (the "elements clause"); or, alternatively, (ii) involve conduct that "presents a serious potential risk of physical injury" (the "residual clause").  18 U.S.C. § 924(e)(2)(B)(i)-(ii).  The residual clause has been invalidated as unconstitutionally vague, and, therefore, ACCA sentence enhancements are unconstitutional unless the underlying violent crime falls within the Elements Clause.  See Johnson v. United States, 135 S. Ct. 2551 (2015)("Johnson II").  Stokeling v. United States clarified that, for robbery offenses, the "physical force" element under the ACCA "includes the amount of force necessary to overcome a victim's resistance."  Stokeling v. United States, 139 S. Ct. at 555.  Thus, robbery under Florida law -- defined as the taking of property with the use of force to overcome the resistance by the victim -- qualifies as an ACCA violent felony.  See Stokeling v. United States, 139 S. Ct. at 549, 555.

The OSC explains that Stokeling v. United States cannot save the untimely 28 U.S.C. § 2255

claims, for two reasons.  First, the Presentence Investigation Report, filed June 22, 2020 (CR Doc. 80)("PSR"), reflects that Sanchez' ACCA enhancement was based on his three prior convictions for a "serious drug offense" rather than for a violent felony.  See 18 U.S.C. § 924(e)(1) (setting forth the 15-year ACCA minimum sentence for three prior "violent felon[ies] or . . . serious drug offense[s], or both").  Specifically, he was previously convicted of felony possession with intent to distribute more than 500 grams of cocaine; felony trafficking in heroin; and felony trafficking in cocaine.  See PSR ¶ 28, at 9.  Stokeling v. United States' construction of ACCA and the ACCA's definition of violent felony is therefore inapplicable to this case.

The OSC further explains that, even if Stokeling v. United States was relevant to Sanchez' conviction, it would not trigger a new limitation period under 28 U.S.C. § 2255(f)(3).  That statute states that a § 2255 claim must be filed within one year after the Supreme Court ruling recognizes a new right that is retroactively applicable on collateral review.  A new right is one that "was not '*dictated*' by prior precedent."  Whorton v. Bockting, 549 U.S. 406, 416 (2007)(quoting Saffle v. Parks, 494 U.S. 484, (1990))(emphasis in Whorton v. Bockting and Saffle v. Parks).  Stokeling v. United States merely extended the definition of violent felony under Johnson v. United States, 559 U.S. 133 (2010)("Johnson I"), and Johnson II.  See, e.g., United States v. Burris, 920 F.3d 942, 954 (5th Cir. 2019)(noting that, after Johnson I, there was an open question "whether minor injuries . . . necessitate violent force . . . .  The Supreme Court recently answered that question in Stokeling.").  The OSC noted that there is not a single case at any level applying Stokeling v. United States retroactively.  Sanchez' § 2255 claims therefore are not timely based on his reliance on Stokeling v. United States.

Sanchez, through counsel, concedes that the OSC applies the correct analysis.  See

Response at 1.  The Court adopts the reasoning of the OSC and concludes that the one-year period expired on January 15, 2014; there are no grounds for tolling; and Sanchez' Motion is time-barred. The Court will dismiss the Motion with prejudice pursuant to Habeas Corpus Rule 4.

## CERTIFICATE OF APPEALABILITY

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  For the reasons above, the time-bar is not debatable in this case.  The Court therefore will deny a certificate of appealability.

**IT IS ORDERED** that: (i) the Petitioner's Application for Leave to file a Successive 28 U.S.C. § 2255 -- Writ of Habeas Corpus, filed October 31, 2019 (CIV Doc. 5; CR Doc. 75), is dismissed with prejudice; (ii) a certificate of appealability is denied; and (iii) the Court will enter a separate Final Judgment closing the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Jason Bowles
Bowles Law Firm
Albuquerque, New Mexico

    *Attorneys for the Petitioner*

John C. Anderson
   United States Attorney
Shana B. Long
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Respondent United States of America*